# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Stacie L. Erwin,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0933**    (BOR Appeal No. 2056982)
(Claim No. 950029078)

**West Virginia Office of**
**Insurance Commissioner,**
**Commissioner Below, Respondent**

**and**

**Charleston Lincoln Mercury, Inc.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stacie L. Erwin appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). West Virginia Office of Insurance Commissioner filed a timely response.[1] The issue on appeal is medical benefits. The claims administrator denied authorization of bilateral RFA sacroiliac joint injections on November 19, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its May 28, 2021, Order. The Order was affirmed by the Board of Review on October 19, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Ms. Erwin, a sales consultant, injured her back in the course of her employment on December 28, 1994, when she was rear-ended at a stop light. The claim was held compensable for sacroiliac sprain/strain on August 14, 2000. On January 26, 2001, Marsha Bailey, M.D., performed an independent medical evaluation in which she noted the compensable diagnoses as lumbosacral strain, thoracic strain, cervical strain, cephalgia, and lumbar thoracic facet syndrome. After examination, Dr. Bailey diagnosed chronic neck, right shoulder, right knee, and lower back pain. Dr. Bailey concluded that Ms. Erwin had reached maximum medical improvement. She found 4% neck impairment, 5% lower back impairment, and 5% right shoulder impairment. On May 6, 2013, Ms. Erwin sought treatment from Jerry Scott, M.D., for injuries to her cervical, thoracic, and low

---

[1]Petitioner, Stacie L. Erwin, is represented by Patrick K. Maroney, and respondent, West Virginia Office of Insurance Commissioner, is represented by Melissa M. Stickler.

back, as well as headaches. Dr. Scott found that there was no need for further treatment for the compensable injury.

In an April 14, 2016, memorandum decision, this Court affirmed a decision of the Board of Review denying a request for bilateral occipital nerve block injections. *See Erwin v. W. Va. Off. of Ins. Comm'r,* No. 15-0273, 2016 WL 1532761 WL (W. Va. Apr. 14, 2016) (memorandum decision). The Court found that the injections were requested for the diagnoses of occipital neuralgia or cervical syndrome, neither of which was a compensable condition in the claim. In a separate memorandum that same day, the Court also affirmed a denial of a back brace. We noted that West Virginia Code of State Rules § 85-20-37.5 provides that the estimated duration of care for Ms. Erwin's compensable sprains was zero to four weeks, not to exceed eight weeks, and the compensable injury is over two decades old. *See Erwin v. W. Va. Off. of Ins. Comm'r,* No. 15-0482, 2016 WL 1532768 WL (W. Va. Apr. 14, 2016) (memorandum decision).

Mohamed Fahim, Ph. D., performed a medical review report on June 20, 2017, in which he recommended that a request for bilateral sacroiliac joint radiofrequency be denied. The claims administrator rejected the request for bilateral sacroiliac joint radiofrequency on June 20, 2017. The Office of Judges affirmed the decision in an order dated May 15, 2018. It found that the request for injections was outside of the estimated duration of care for a lumbar sprain, which is no more than eight weeks, and stated that Ms. Erwin's injury was over twenty-two years prior.

The claims administrator authorized right sacroiliac joint injections on November 6, 2018. On January 15, 2019, the claims administrator authorized left sacroiliac joint injections. Bilateral sacroiliac joint injections were authorized on May 1, 2019. On November 19, 2019, the claims administrator denied the request at issue by Dr. Kim for bilateral RFA sacroiliac joint injections.

The Office of Judges affirmed the claims administrator's denial of bilateral RFA sacroiliac joint injections. It found that the claim was held compensable over twenty years ago for sacroiliac sprains and strains. The Office of Judges noted that Ms. Erwin did not submit Dr. Kim's request for bilateral sacroiliac joint injections, nor did she submit any of Dr. Kim's treatment notes. Therefore, the Office of Judges concluded that there was no indication in the record for what diagnosis Dr. Kim requested the bilateral sacroiliac joint injections.

The Office of Judges found that in a May 15, 2018, order, a request for bilateral sacroiliac joint injections by Dr. Kim was denied because the injections were outside of the treatment guidelines for Ms. Erwin's compensable sprains and strains. In that case, the Office of Judges concluded that the requested treatment was not appropriate under West Virginia Code of State Rules § 85-20-37.5 and that Ms. Erwin had not established an extraordinary case. In the case at issue, the Office of Judges concluded that the requested bilateral sacroiliac joint injections were not appropriate treatment for sprains and strains sustained over twenty years prior. The Office of Judges noted that Ms. Erwin submitted prior orders authorizing joint injections; however, each new request must be ruled upon based on the evidence presented at the time and the evidence in the case at issue does not support authorization of the requested treatment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision on October 19, 2021.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code § 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The evidence indicates the claim was held compensable for sprains and strains over twenty years ago. West Virginia Code of State Rules § 85-20-37.5 states that the estimated duration of care for such injuries is zero to four weeks, not to exceed eight weeks. Ms. Erwin has failed to submit sufficient evidence showing that this is an extraordinary case requiring treatment beyond the guidelines.

Affirmed.

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn